IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TRACEY FLETCHER, # 186876, | : |
|     Plaintiff, | : |
| vs. | :    CIVIL ACTION 16-505-KD-N |
| MS. CUNNINGHAM, et al., | : |
|     Defendants. | : |

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding pro se and in forma pauperis, filed a complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). After careful review, it is recommended that this action be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**I. Complaint.** (Doc. 1).

Plaintiff names as defendants: Ms. Cunningham, head classification officer at Fountain Correctional Center ("Fountain"); Kenneth Peters, Deputy Warden at Fountain; Captain Bishop; and Lieutenant Davis. (Doc. 1 at 5-6). Plaintiff's claim against them is for the denial of access to courts. (Id.).

Plaintiff's brief complaint on this Court's complaint form contains sketchy information. His allegations are as follows. He was placed in segregation after he was assaulted on August 7, 2016. (Id. at 4). While in segregation, he "decided to try to fight [his] child support case in Indiana." (Id.). When in segregation, the segregation review

board, which is comprised of the head of classification and the warden, comes to an inmate's cell. (Id.). Plaintiff claims that when he tried to get help, defendant Cunningham, the head of classification, would "go[] off the deep end, a[b]out its federal guide lines, the[y] 'can't' help [him].'" (Id.). The following week at the next segregation board, he presented it to defendant Peters, who told plaintiff that he will look into it. (Id.). Plaintiff did not hear anything. (Id.). Later, defendant Bishop got mad and told plaintiff that plaintiff knows their job well; then, they walked off. (Id.). At the next segregation review board, plaintiff stopped them and talked to defendant Bishop, who told plaintiff to talk to the CRB, and then they walked off. (Id.). Plaintiff identifies his claim against each defendant as occurring in front of his cell during different segregation reviews. (Id. at 5-6). For relief, plaintiff seeks $400,000 and the defendants' jobs and retirement benefits. (Id. at 8).

**II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because plaintiff is proceeding in forma pauperis, the Court is reviewing his complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).[1] A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. Id.

---

[1] Neitzke's interpretation of 28 U.S.C. § 1915(d) is applied to § 1915(d)'s superseding statute, 28 U.S.C. § 1915(e)(2)(B). Bilal v. Driver, 251 F.3d 1346,1348-49 (11th Cir.), cert. denied, 534 U.S. 1044 (2001).

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949.

When considering a pro se litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), but it does not have "license . . . to rewrite an otherwise deficient pleading in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Iqbal, 566 U.S. 662. The court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. Id. at 681, 129 S.Ct. at 1951. In addition, a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

**III. Discussion.**

After reviewing plaintiff's allegations, the court finds that they are extremely vague and that they do not convey a clear claim. The only comprehensible information is that he wants to fight his child support case and alleges that he has been denied access to courts in connection with this case. Plaintiff does not explain how he has been denied access to courts, or at least he has not done so in unambiguous terms.

Despite the pleading deficiencies, the Court will address plaintiff's claim for denial of access to courts. In Bounds v. Smith, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), the Supreme Court recognized a prisoner's right of access to the courts. The Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Id. at 346, 352, 116 S.Ct. at 2177, 2180. Later, in Lewis v. Casey, 518 U.S. 343, 354, 116 S.Ct. 2174, 2181-82, 135 L.Ed.2d 606 (1996), the Court refined its holding in Bounds and counseled that an inmate's right of access to the courts can be fulfill in different ways, for example, access to law libraries, a system of court-provided forms, or minimal access to legal advice. Id. at 352, 116 S.Ct. at 2180. The Lewis Court made clear that the Bounds decision "did not create an abstract, freestanding right to a law library or legal assistance[.]" Id. at 351, 116 S.Ct. at 2180. Law libraries and legal assistance programs were found by the Lewis Court not to be ends themselves, "but only the means for ensuring a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." Id. Thus, the Lewis Court determined that "the inmate must . . . demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to

4

pursue a legal claim." Id.   That is, the inmate must show that he sustained an actual injury by showing that he was frustrated or impeded in attacking his conviction, directly or collaterally, or in a civil rights action challenging his conditions of confinement.  Id. at 351-52, 355, 116 S.Ct. at 2180 (emphasis added); see Cunningham v. District Attorney's Office for Escambia Cty., 592 F.3d 1237, 1271 (11th Cir. 2010) ("The injury requirement means that the plaintiff must have an underlying cause of action the vindication of which is prevented by the denial of access to the courts.").  The inmate must further show that the underlying claim that he was advancing was a nonfrivolous claim.  Lewis, 518 U.S. at 353, 116 S.Ct. at 2181.  This underlying claim "must be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope."  Christopher v. Harbury, 536 U.S. 403, 415-16, 122 S.Ct. 2179, 2187, 153 L.Ed.2d 413 (2002).  In other words, an inmate is not guarantee the ability by Bounds to litigate any type of action, but he is provided the tools needed to bring an action attacking his sentence, directly or collaterally, and challenging his conditions of confinement.  Lewis, 518 U.S. at 355, 116 S.Ct. at 2182.  "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration."  Id.

     In the present action, plaintiff indicates that the action in which he wants to litigate is a child support action in Indiana.  However, a child support action is not one of the types of cases in which the Lewis Court found that an inmate could suffer a violation of access to courts.  Gilbert v. Gunja, 184 F.3d 817, at *1 (5th Cir. 1999) (unpublished) (holding that no violation of access to courts occurred when the inmate was denied access to Texas books to challenge the state court judgment ordering him to pay child support because Lewis limited his right of access to courts to cases

5

challenging his conviction, sentence, or conditions of confinement); Briggs v. Donahue, 2005 WL 1787863, at *1-2 (D. Idaho 2005) (unpublished) (same); cf. Wilson v. Blankenship, 163 F.3d 1284, 1287 (11th Cir. 1998) (finding that an in rem forfeiture action was not one of the actions recognized by Lewis in which an inmate may have a claim for the denial of access to courts).  Rather, an inmate can only suffer a violation of the right of access to courts in an action attacking a conviction, directly or collaterally, or in a civil rights action challenging his conditions of confinement.  Lewis, 518 U.S. at 355, 116 S.Ct. at 2182.  Whereas, plaintiff's underlying action is based on subject matter outside the scope of the type of actions enumerated by Lewis Court in which a violation of the right of access to courts could occur for an inmate.  As a consequence, plaintiff's action lacks an arguable basis in law and is therefore frivolous.

**IV.  Conclusion.**

Based upon the foregoing reasons, it is recommended that this action be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based

on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this 8th day of February, 2017.

/s/ Katherine P. Nelson
**UNITED STATES MAGISTRATE JUDGE**